**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| IN RE: | § |
| | § |
| DEWITT BYRON CARTER, JR. | §   CASE NO. 16-34476 |
| | § |
| Debtor | § |

**FEE APPLICATION SUMMARY**

| Name of Applicant: | Resolution Finance, LLC |
|---|---|
| Applicant's role in case: | Creditor |
| Pre-Confirmation Services: Yes | Post-Confirmation Services: Yes |

| | Beginning of Period | End of Period |
|---|---|---|
| Time period covered by this Application: | 9/13/2016 | 7/28/2017 |
| Time period(s) covered by prior Applications: | none | none |
| Total amounts awarded in all prior Applications: | none | |
| Amount of retainer received in this case: | none | |
| Total fees requested in this Application: | $1,007.50 | |
| Total professional fees requested in this Application: | $1,007.50 | |
| Total actual professional hours covered by this Application: | 3.1 | |
| Average hourly rate for professionals: | $325.00/hr | |
| Total paraprofessional fees requested in this Application: | $ 0.00 | |
| Total actual paraprofessional hours covered by this Application: | 0 | |
| Average hourly rate for paraprofessionals: | n/a | |
| Reimbursable expenses sought in this Application: | $215.27 | |

| Amount of Attorney Fees provided in Plan: | $2,500 |
|---|---|
| Total to be paid to General Unsecured Creditors: | $37,191.85 |
| Anticipated % Dividend to General Unsecured Creditors: | 100% |
| Total to be paid to all pre-petition creditors under the Plan | $494,226.80 |
| Date of any scheduled dismissal hearing: | 1/9/2017 |
| Date of confirmation hearing: | 1/9/2017 |
| Indicate whether the plan has been confirmed: | Yes (Docket No. 51) |

Howard Marc Spector
TBA#00785023
SD #23274
Spector & Johnson, PLLC
12770 Coit Road, Suite 1100
Dallas, Texas 75251
(214) 365-5377
FAX: (214) 237-3380
hspector@spectorjohnson.com

ATTORNEY FOR RESOLUTION FINANCE, LLC

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **DEWITT BYRON CARTER, JR.** | § | **CASE NO. 16-34476** |
| | § | |
|    **Debtor** | § | |

**APPLICATION FOR REIMBURSEMENT OF FEES AND EXPENSES PURSUANT TO 11 U.S.C. § 506(b) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2016(a)**

TO:   THE HONORABLE DAVID R. JONES
        UNITED STATES BANKRUPTCY JUDGE:

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN TWENTY-ONE (21) DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING. REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

Resolution Finance, LLC (hereinafter "**Resolution**") a secured creditor of Dewitt Byron Carter, Jr. (the "**Debtor**"), files this Application for Reimbursement of Fees and Expenses

Pursuant to 11 U.S.C. § 506(b) and Federal Rule of Bankruptcy Procedure 2016(a) (the "**Application**"), and respectfully represents:

## I. BACKGROUND FACTS

1. The Debtor's bankruptcy case was commenced by the filing of a voluntary petition under chapter 13 of title 11 of the United States Code on September 5, 2016 (the "**Petition Date**"). The Debtor's Second Amended Chapter 13 Plan (the "**Plan**") was confirmed by Order entered January 9, 2017.

2. Resolution filed its secured proofs of claim in this case evidencing that the Debtor was indebted to Resolution in the total amount of $45,115.53, plus all attorney's fees and costs as allowed by law. Pages 2-3 of the Promissory Note, attached hereto as Exhibit "A" provides as follows regarding the recovery of attorney's fees:

> 9. **Permitted Fees:** To the extent allowed by applicable law, Property Owner may be charged amounts incurred by Transferee after closing. These amounts include, but are not limited to, the following items:
>
>   c. To the extent permitted by the United States Bankruptcy Code, attorney's fees and court costs for services performed enforcing Transferee's rights should Property Owner file a voluntary bankruptcy petition;

Resolution requests that the Court take judicial notice of the proofs of claim filed in the above-referenced bankruptcy case and the loan documents attached thereto.

3. Resolution's liens arise pursuant to Section 32.06 et seq. of the Texas Tax Code which provides that a party which pays the real property taxes of another and receives transfer of the tax lien on the property is an assignee who is subrogated to all the rights of the transferring taxing unit. See Tex. Tax Code § 32.065(c).

4. The Debtor's schedules indicate that the property securing Resolution's lien (the "**Collateral**") is valued at $1,009,718.00. Accordingly, as the holder of a senior ad valorem tax liens on the Collateral, Resolution is oversecured.

5. Pursuant to the terms of the Plan, Resolution is a secured creditor whose claims shall be paid in full pursuant to 11 U.S.C. §506(b). Accordingly, Resolution is entitled to its costs of collection, including attorney's fees incurred through the effective date of the Plan. However, Federal Rule of Bankruptcy Procedure 2016(a) states that any entity seeking payment of attorney's fees and expenses from the estate must submit an application.

## II. COMPENSATION REQUESTED FOR SERVICES RENDERED IN BANKRUPTCY CASE

6. The costs of collection are comprised of attorney's fees incurred by Resolution for services rendered to Resolution by Howard Marc Spector (the "**Attorney**"). From September 13, 2016 through July 28, 2017, and subject to Section III of this Application, Resolution seeks reimbursement for $1,222.77, which represents 3.1 hours at $325.00 per hour billed to Resolution by the Attorney, plus $215.27 in expenses.

7. Resolution submits that all amounts requested to be reimbursed herein are reasonable and should be awarded by the Court pursuant to 11 U.S.C. § 506(b). Analysis of the twelve following factors affecting the reasonableness of attorneys' fees as set forth in In the Matter of First Colonial Corp. of America, 544 F.2d 1291 (5th Cir. 1977), cert. denied, 97 S.Ct. 1696 (1977), may aid the Court's determination of matters affecting compensation:

(1) Time and labor required. The total number of hours spent by the Attorney in his representation of Resolution, is set forth in Exhibit "B". The Attorney filed his notice of appearance and proofs of claim for Resolution. The

Attorney also reviewed the Plan, all amended Plans filed in this case, the relevant loan documents, and filed objections to the Plan. The Attorney has devoted the time necessary to efficiently attend to the procedures, correspondence, and pleadings involved in this proceeding.

(2) <u>Novelty and difficulty of the questions</u>.  The questions presented by this case were not necessarily novel.

(3) <u>Preclusion of other employment by the attorney due to acceptance of the case</u>.  Resolution's Attorney did engage co-counsel to attend the confirmation hearing.

(4) <u>Customary fee</u>.  The fees charged in the case are the customary and usual fees charged by the Attorney and similar firms in this geographical area for the services rendered.

(5) <u>Contingent nature of fee</u>.  This factor is not present in this case.

(6) <u>Time limitations imposed by the client or other circumstances</u>.  Time limitations have not been a problem in this proceeding.

(7) <u>Experience, reputation, and ability of attorneys</u>.  Resolution submits that its Attorney is an experienced bankruptcy practitioner who has practiced regularly in bankruptcy matters since 1992.

(8) <u>Undesirability of the case</u>.  This was not a factor in this case.

(9) <u>Nature, length, and professional relationship with the client</u>.  The Attorney has represented Resolution in other bankruptcy cases; therefore, the Attorney has a close working relationship with Resolution which allows expeditious resolution of issues in the cases he handles.

(10) <u>Awards in similar cases</u>. Resolution submits that the Court's experience and knowledge with respect to fee awards in similar cases would suggest that the amounts requested in this Application are comparable to or less than those in similar cases.

(11) <u>Results obtained</u>. Resolution's claims are to be paid in full under the Plan.

8. This Application contains all the fees incurred in this case to date. Should a hearing be required on this Application, Resolution reserves the right to amend this Application at the time of such hearing and to submit additional charges to the Court for consideration in connection with this Application. Such charges may include travel costs associated with attendance at such hearing, as well as fees reflecting attorney time in connection with preparation before and attendance at such hearing.

9. Resolution submits that the foregoing services rendered on behalf of and at the request of Resolution fully warrant the fee requested by this Application pursuant to the twelve factors identified for use by the Court in <u>First Colonial</u>, <u>supra</u>. Therefore, this Application is just and should be granted in its entirety.

### III. **COMPENSATION REQUESTED FOR PREPARATION OF APPLICATION**

10. Under the Fifth Circuit decision of <u>In re First Colonial Corporation of America</u>, 544 F.2d 1291 (5th Cir.), <u>cert. denied</u> 97 S.Ct. 1696 (1977), subsequent Fifth Circuit decisions, as well as this Court's decisions, detailed applications for compensation are arguably mandated. In 1980, in <u>Rose Pass Mines v. Howard</u>, 615 F.2d 1088, the Fifth Circuit condoned the practice of compensating counsel for its efforts in providing the courts and creditors with the required applications. The Attorney has billed Resolution an additional 0.4 hours at the rate of $325.00

per hour for the preparation of this Application. Resolution submits that the time expended in preparing this Application is reasonable, and that compensation at the Attorney's standard rate is appropriate for these efforts.

WHEREFORE, Resolution respectfully requests that the Court approve this Application for reimbursement of fees and expenses as set forth above in the total amount of $1,222.77 pursuant to 11 U.S.C. § 506(b) and for such other and further relief as the Court deems just.

Dated: September 25, 2017.

Respectfully submitted,

By: _/s/ Howard Marc Spector_
Howard Marc Spector
TBA #00785023
SD#23274

SPECTOR & JOHNSON, PLLC
Banner Place, Suite 1100
12770 Coit Road
Dallas, Texas 75251
(214) 365-5377
FAX: (214) 237-3380
hspector@spectorjohnson.com

ATTORNEY FOR RESOLUTION
FINANCE, LLC

## PROMISSORY NOTE
### ("Note")

| | |
|---|---|
| Date: | February 2, 2016 |
| Property Owner(s): | Kim Carter and Dewitt Carter<br>1647 Kelliwood Oaks Dr<br>KATY, TX 77450 |
| Transferee: | Resolution Finance, LLC<br>13612 Midway Rd, Ste 394<br>Dallas, TX 75244 |
| Initial Principal Amount: | **$25,460.60** |
| Maturity Date: | **March 15, 2026** |
| Annual Interest Rate: | **9.900%** |
| Annual Interest Rate for Matured, Unpaid Amounts: | 9.900% |
| Place for payment: | 13612 Midway Rd, Ste 394<br>Dallas, TX 75244 |
| Terms of Payment: | The monthly payments will be in the amount of **$335.06**, beginning **April 15, 2016** and continuing on the same date of each subsequent month until the Maturity Date. On the Maturity Date, payment of all outstanding amounts of principal, interest, and any other charges owed under this Note will be due. Payments will be applied first to outstanding fees, accrued interest and the remainder to reduction of the Principal Amount in that order. |
| Deferred Interest: | Property Owner has elected to defer the payment of interest accrued from the time of the advancement of funds, until the first payment date. This deferred amount is $290.04. This amount will not accrue interest. |
| Security for payment: | This note is secured by a Tax Lien Contract ("Contract"), dated February 2, 2016, executed by Property Owners and Transferee, and Tax Lien(s) transferred to Transferee by all applicable taxing authorities secured by the Property described below. |
| Property: | |
| Tax Account No: | 1168360010012 |
| Subject Property Address: | 1647 Kelliwood Oaks Dr<br>KATY, TX 77450 |
| | Lot Twelve (12), in Block One (1), of Kelliwood in Nottingham Country, Section Three (3), an Addition in Harris County, Texas, according to the Map or Plat thereof Recorded in Volume 340, Page 84 of the Map Records of Harris County, Texas. |

1. **Promise to Pay:** Property Owner promises to pay to the Transferee, (i) the Initial Principal Amount; (ii) any amount subsequently advanced by Transferee pursuant to this Note, the Contract, or applicable law (together with the Initial Principal Amount, the "Principal Amount"); and (iii) other fees and charges accrued pursuant to this Note; together with interest on amounts described in (i) through (iii) at the Annual Interest Rate (collectively, and together with the additional interest described in the remainder of this Section 1, the "Obligation") and any additional interest together on amounts described in (i) through (iii) if and when an Event of Default occurs. This Note is payable at the Place of Payment and according to the Terms of Payment. All unpaid amounts are due at the Maturity Date. Notwithstanding the foregoing, after the Maturity Date, all unpaid amounts, excluding interest, will continue to bear interest at the Annual Interest Rate for Matured, Unpaid Amounts, and Property Owner promises to pay

Transferee such additional interest on such amounts.

2. **Late Payments:** If the Transferee has not received the full amount of any scheduled payment by the end of fifteen (15) calendar days after the date it is due, Property Owner agrees to pay a late fee to Transferee of the lesser of (i) five cents for each $1 of the scheduled installment or (ii) the maximum late fee, if any, permitted under applicable law, in order to defray the expense of handling the delinquent payment. If Property Owner tenders payment by check or otherwise which is returned unpaid for insufficient funds, Property Owner will reimburse the Transferee up to $30 per tender in addition to any late fee that may be assessed.
3. **Prepayment:** Property Owner may prepay this Note in any amount at any time before Maturity Date without penalty or premium. Property Owner must notify Transferee in writing that a payment is intended as a prepayment. Transferee may apply a prepayment to due and unpaid amounts before applying prepayment to reduce the Principal Amount.
4. **ACH Agreement:** If Property Owner has agreed to make payments to Transferee through an ACH Authorization Agreement, Property Owner shall give written notice to Transferee prior to closing any bank account associated with said ACH agreement.
5. **Maximum Interest Rate:** Interest on any portion of the Obligation secured by this Note will not exceed the maximum amount of nonusurious interest that may be contracted for, taken, reserved, charged, or received under law. Any interest in excess of that maximum amount will be credited on the Principal Amount of the outstanding Obligation or, if that has been paid, refunded. On any acceleration or required or permitted prepayment, any such excess will be canceled automatically as of the acceleration or prepayment or, if already paid, credited on the principal of the Obligation or, if the principal of the Obligation has been paid, refunded. This provision overrides any conflicting provisions in this and all other instruments concerning the Obligation.
6. **Lien Priority:** The lien(s) securing payment of this Obligation shall be maintained by Property Owner to constitute the priority lien position against the entire Property.
7. **Release of lien:** Once the Obligation is paid in full, Transferee shall release the lien and record said release in the county of record within a reasonable time period. Transferee may charge a reasonable fee for the release. Transferee may, at Transferee's sole and absolute discretion, release portions of the Property at the request of Property Owner.
8. **Events of Default:** Except as prohibited by law, any of the following shall be an Event of Default of this Note:
    a. the failure of Property Owner to timely pay the Obligations as provided in this Note or otherwise perform, observe, and comply with the terms of this Note;
    b. the failure of the Property Owner to perform, observe, and comply with any covenant, or condition of the Contract;
    c. condemnation of a sufficient part of the Property as to materially affect the value of the Property;
    d. Property Owner obtaining funding from any entity or individual other than Transferee to pay any subsequent year's ad valorem taxes on the Property and authorizing the transfer of the taxing units' tax lien to any other entity or individual other than Transferee;
    e. the failure of Property Owner to obey all laws, ordinances, and restrictive covenants applicable to the Property;
    f. the failure of Property Owner to keep the Property in good repair and condition;
    g. a bankruptcy, whether voluntary or involuntary, proceeding is commenced against the Property Owner or subsequent owner of this Property;
    h. the failure of the Property Owner to maintain insurance coverage as described below;
    i. causing or permitting the Property to be used as a site for the use, generation, manufacture, storage, treatment, release, discharge, disposal, transportation or presence of any hazardous materials except in compliance with all applicable state and federal law;
    j. the failure of Property Owner to reasonably respond to Transferee's request to execute, correct and deliver to Transferee in a timely manner the Additional Documents as defined under the Errors and Omissions section of this Note;
    k. the occurrence of an event of default in any other tax payment obligations by Property Owner to Transferee.
9. **Permitted Fees:** To the extent allowed by applicable law, Property Owner may be charged amounts incurred by Transferee after closing. These amounts include, but are not limited to, the following items:
    a. A reasonable fee for (i) filing the release of a tax lien authorized under Section 32.06(b), Texas Tax

Promissory Note – Page 2                                                                 Initials _X_ _C.D.C_

       Code; (ii) preparing a payoff statement authorized under Section 32.06(f-3), Texas Tax Code; (iii) providing information regarding the current balance owed by the property owner authorized under Section 32.06(g), Texas Tax Code; and (iv) obtaining a title examination and an abstract of title by an attorney, a title company, or a property search company authorized to do business in Texas;
   b. Reasonable and necessary attorney's fees, recording fees, and court costs for actions (i) that are legally required in order for Transferee to respond to a suit filed under Chapter 33, Texas Tax Code, or (ii) performance of a foreclosure, including fees required to be paid to an official and fees for an attorney ad litem;
   c. To the extent permitted by the United States Bankruptcy Code, attorney's fees and court costs for services performed enforcing Transferee's rights should Property Owner file a voluntary bankruptcy petition;
   d. A processing fee for insufficient funds, as authorized under Section 3.506, Texas Business & Commerce Code;
   e. A fee for collateral protection insurance, as authorized under Chapter 307, Texas Finance Code;
   f. Recording expenses incurred in connection with a modification necessary to preserve Property Owner(s)'s ability to avoid a foreclosure proceeding; and
   g. Fees for copies of transaction documents requested by Property Owner(s).

The foregoing fees and/or expenses shall (i) bear interest at the Annual Interest Rate for Matured, Unpaid Amounts from the date funds are advanced or on which the charge is incurred; (ii) be secured by the Contract and (iii) be included in the balance of the Obligation.

10. **Notice of Default**: If an Event of Default has occurred, the Transferee may send to Property Owner a written notice specifying the Event of Default and may require the Property Owner to cure the default by a certain date, not earlier than 20 days after the Notice of Default is mailed. Unless applicable law requires a different method, all notices or other communication shall be delivered to Property Owner by first class mail at the mailing address provided above. If the Property securing this Note is not a residential property owned and used by the Property Owner for personal, family, or household purposes and an Event of Default has occurred, the interest on the past due and/or on the full amount of the remaining, outstanding balance of the Principal Amount shall accrue at the annual interest rate of 17.9% (the "Default Rate").
11. **Acceleration**: If an Event of Default specified in the Notice of Default is not cured within the specified cure period, Transferee may then accelerate the Obligation with all interest, penalties, costs, fees and all other amounts owed to be immediately due and payable in full.
12. **Waiver of Notice**: Property Owner waives all demand for payment, presentation for payment, notice of intention to accelerate maturity, notice of acceleration of maturity, protest, and notice of protest, to the extent permitted by law.
13. **Waiver of Default**: Transferee may remedy any Event of Default without waiving it and may waive any Event of Default without waiving any prior or subsequent Event of Default.
14. **Failure to Perform Obligations**: If Property Owner fails to perform any of Property Owner's obligations, Transferee may perform those obligations and be reimbursed by Property Owner on demand for any amounts so paid. The amount to be reimbursed will be secured by the Contract and included in the balance of the Obligation.
15. **Remedies**: Transferee shall have all rights, remedies and recourses available at law or equity, which rights shall be nonexclusive. No action or inaction by Transferee shall be deemed to cure any Event of Default. Transferee may pursue any remedy allowed under the law to enforce this Note, including but not limited to, foreclosure in the manner provided for foreclosure of property tax liens.
16. **Subsequent Tax Payments**: Property Owner shall pay or cause to be paid all subsequent taxes and assessments of every character in respect to the Property and promptly deliver to Transferee evidence reasonably satisfactory to Transferee of said payment.
17. **Delinquent Tax Suits**: If a suit for the delinquent taxes is filed with respect to the Property, Transferee may choose to pay all taxes, fees, penalties, and collection costs pursuant to Texas Tax Code § 33.445 in return for a transfer of lien from all applicable taxing units. The total amount paid shall be included in the balance of the Principal Amount and bear interest at the Annual Interest Rate for Matured, Unpaid Amounts beginning on the day of disbursement.
18. **Condemnation**: Property Owner assigns to Transferee all amounts payable to or received by Property Owner from condemnation of all or part of the Property, from private sale in lieu of condemnation, and

Promissory Note – Page 3                                                    Initials _____

from damages caused by public works or construction on or near the Property. After deducting any expenses incurred, including attorneys' fees and court and other costs, Transferee will either release any remaining amounts to Property Owner or apply such amounts to reduce the Obligation. Transferee will not be liable for failure to collect or to exercise diligence in collecting any such amounts. Property Owner will immediately give Transferee notice of any actual or threatened proceedings for condemnation of all or part of the Property.

19. **Transfer of Interest**: Property Owner may not sell, transfer, or otherwise dispose of any portion of Property, whether voluntarily or by operation of law, without the prior written consent of Transferee.

20. **Errors and Omissions**: If any documents are deemed inaccurate, incomplete, or additional documents are required by Transferee to complete the transfer, whether by unilateral or mutual mistake, Transferee shall request additional or correction to said documents. Property Owner shall comply in a reasonable time to said request to reflect the agreed terms. This request may include, but is not limited to, additional fees or assessments for taxes that were not known or collected, for whatever reason, at the time of closing. If Property Owner refuses to comply with Transferee's reasonable request, Property Owner shall be responsible for Transferee's costs and fees enforcing this Note, including, but not limited to, attorneys' fees.

21. **Insurance**: Property Owner shall maintain a property insurance policy covering all improvements on the Property with Transferee named as Payee as reasonably required by Transferee. Property Owner will comply with the requirements of the policy. Property owner shall furnish evidence of current policy upon request by Transferee.

22. **Miscellaneous**: Property Owner represents that the Contract and this Note are given for the following purposes: to pay ad valorem taxes encumbering the Property. Property Owner agrees to notify Transferee of any change in address or contact information. The term Transferee includes any servicer for Transferee or any subsequent holders, successors, transferees or assigns of this Note with the authority to enforce said Note.

23. **Enforceability**: If any clause or provision of this Note is determined to be invalid or unenforceable, the validity or enforceability of any other clause or provision will not be affected.

24. **Affirmation of Ownership**: Property Owner represents that Property Owner is the current owner of the Property. Further, if Property Owner is an entity instead of an individual, the individual executing any documents on behalf of the Property Owner affirms that the position in the entity he or she occupies is authorized to execute these documents on behalf of the entity and that all authorization(s) necessary for the Property Owner to consent to this transactions have been property obtained. Property Owner understands that Transferee is relying on this representation in making the decision to proceed with this agreement.

25. **Notices**: All notices to be provided under this Note shall be given at the addresses for Property Owner and Transferee first listed above, and such notices shall be deemed made upon the date such notice was mailed by the sending party using the United States Postal Service.

**This written loan agreement represents the final agreement between the parties and may not be contradicted by evidence of prior, contemporaneous, or subsequent oral agreements of the parties, whether made before, on, or after the date of this Note. There are no unwritten oral agreements between the parties.**

_____    1-30-16
Kim Carter                           Date

_____    1-30-16
Dewitt Carter                        Date

Promissory Note – Page 4                                             Initials K.C. D.C.

**Spector & Johnson, PLLC**
12770 Coit Road
Suite 1100
Dallas, Texas 75251

Ph:(214) 365-5377     Fax:(214) 237-3380

Resolution Finance, LLC  
13612 Midway Road  
Suite 394  
Dallas, Texas  
75244  

**Attention:** Matt Longhofer

February 21, 2017

File #:   01-03304  
Inv #:      4945

**RE:** Carter, Dewitt

| DATE | DESCRIPTION | HOURS | AMOUNT | LAWYER |
|---|---|---|---|---|
| Sep-13-16 | Review client email re: new matter; review docket, schedules and plan. | 0.40 | 130.00 | HMS |
|  | Prepare notice of appearance. | 0.10 | 32.50 | HMS |
| Oct-04-16 | Prepare 2 proofs of claim, review loan and lien documents. | 0.60 | 195.00 | HMS |
| Nov-23-16 | Prepare plan objection. | 0.40 | 130.00 | HMS |
| Dec-01-16 | Prepare witness and exhibit list; organize exhibits. | 0.40 | 130.00 | HMS |
| Dec-02-16 | Prepare notice of co-counsel. | 0.10 | 32.50 | HMS |
| Dec-29-16 | Review amended plan; prepare amended plan objection. | 0.50 | 162.50 | HMS |
| Jan-06-17 | Review amended plan; prepare notice of withdrawal. | 0.20 | 65.00 | HMS |
|  | Totals | 2.70 | $877.50 | |

**DISBURSEMENTS**

|  |  |
|---|---|
| Photocopies | 22.50 |
| Postage | 34.22 |

**Exhibit B**

| Feb-03-17 | Outside Professionals | 82.50 |
| --- | --- | --- |
| | Totals | $139.22 |

| | | |
| --- | --- | --- |
| **Total Fee & Disbursements** | | **$1,016.72** |
| **Balance Now Due** | | **$1,016.72** |

TAX ID Number     26-4758440

**Exhibit B**

***Spector & Johnson, PLLC***
12770 Coit Road
Suite 1100
Dallas, Texas 75251

Ph:(214) 365-5377     Fax:(214) 237-3380

Resolution Finance, LLC
13612 Midway Road
Suite 394
Dallas, Texas
75244

July 28, 2017

**Attention:** Matt Longhofer

File #:  01-03304
Inv #:  Sample

**RE:** Carter, Dewitt

| DATE | DESCRIPTION | HOURS | AMOUNT | LAWYER |
|---|---|---|---|---|
| Jul-28-17 | Prepare application for reimbursement of fees and expenses. | 0.40 | 130.00 | HMS |
| | Totals | 0.40 | $130.00 | |

**DISBURSEMENTS**

| | | |
|---|---|---|
| Photocopies | | 54.00 |
| Postage | | 22.05 |
| Totals | | $76.05 |

| | |
|---|---|
| **Total Fee & Disbursements** | **$206.05** |
| Previous Balance | 1,016.72 |
| Previous Payments | 1,016.72 |
| **Balance Now Due** | **$206.05** |

TAX ID Number    26-4758440

**PAYMENT DETAILS**

| | | |
|---|---|---|
| Feb-24-17 | Fees & Expenses Paid - Check # 7472 | 1,016.72 |

**Exhibit B**

| | |
|---|---:|
| **Total Payments** | $1,016.72 |

**Exhibit B**